IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                      |   |                          |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC | : |                          |
|                      | : |                          |
| v.                   | : | Civil Action No. 24-3143 |
|                      | : |                          |
| JOHN DOE             | : |                          |
|                      | : |                          |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this copyright infringement case brought by Strike 3 Holdings, LLC ("Plaintiff") is the motion to quash filed by Defendant John Doe ("Defendant"). (ECF No. 6). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to quash will be denied as moot.

**I.   Background**

On October 29, 2024, Plaintiff filed a complaint against Defendant for property rights infringement. (ECF No. 1). Plaintiff alleged that Defendant "utilized the BitTorrent file distribution network to download adult pornographic films subject to copyrights held by Plaintiff." (ECF No. 5, at 1). "[D]efendant has been identified in the lawsuit only by an Internet Protocol address ("IP Address") assigned to a customer on a specific date by an Internet Service Provider ("ISP" or "Provider") and through which the copyrighted work was allegedly downloaded.[1]" (ECF No.

5, at 1). On November 6, 2024, Plaintiff filed a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference, (ECF No. 4), "to identify the customer assigned the IP Address on the date or dates in question in order to learn the identity of the person responsible for downloading the copyrighted works." (ECF No. 5). On November 12, 2024, the court granted the motion, subject to specific conditions and limitations to protect Defendant. (ECF No. 5). The court informed Defendant that he or she may move to quash the subpoena anonymously, but Defendant must provide his or her name and address to the clerk of the court using the form that was attached to the order. (ECF No. 5).

On December 31, 2024, Defendant filed a motion to quash or vacate and for a protective order. (ECF No. 6). Defendant, however, failed to use the court's form to provide the clerk of the court with his or her information, and instead included his or her name and address at the end of the motion to quash. (ECF No. 6). The motion is under seal, but has been provided to Plaintiff. On January 13, 2025, Plaintiff filed a response in opposition to the motion. (ECF No. 7). To date, Defendant has not replied.

II. **Analysis**

> The person seeking to quash or modify a subpoena bears the burden of proof to demonstrate that compliance is unwarranted under Fed. R. Civ. P. 45. *Va. Dep't of Corrections v. Jordan*, 921 F.3d 180, 189 n.2 (4th Cir. 2019) (citing *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). The court must quash or modify a subpoena that (i) fails to allow a reasonable time to

2

comply; (ii) requires a person to comply beyond the geographical limits specified by the Rule; (iii) requires disclosure of privileged or other protected matter; or (iv) subjects a person to undue burden. *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 438 (D.Md. 2012); Fed. R. Civ. P. 45(d)(3)(A).

*Strike 3 Holdings, LLC v. Doe*, No. 20-CV2748-CCB, 2021 WL 211303, at *1 (D.Md. Jan. 21, 2021).

Defendant argues that the subpoena subjects Defendant "to undue burden, annoyance, and/or embarrassment," goes against Defendant's privacy interests, and "is not relevant to any party's claim or defense." (ECF No. 6, at 2-4).

Plaintiff argues that Defendant's motion is moot because Defendant has revealed his or her name and address in the motion. (ECF No. 7, at 2). Additionally, Plaintiff argues that "Defendant's privacy interests [are] not grounds to quash the subpoena," and that there is no "undue burden." (ECF No. 7, at 3-4).

In its previous order, the court allowed Plaintiff to serve a subpoena on Defendant's ISP, subject to certain restrictions set out in the order. (ECF No. 5). In part, that order required the ISP to provide notice to the subscriber. The court also informed Defendant of his or her option to file an anonymous motion to quash, using the court's form to provide the clerk of the court with Defendant's information. (ECF No. 5). Defendant, however, provided his or her name and address, the information sought by

3

the subpoena, in his or her motion to quash. (ECF No. 6). Although the motion remains under seal from the public, Plaintiff has access to the information, as it discussed in its opposition to Defendant's motion to quash. (ECF No. 7, at 2). Plaintiff no longer requires any information from the ISP. Therefore, Defendant's motion to quash is moot, and the court need not address the merits of the motion. So, too, is the subpoena moot. While Plaintiff did not get the name from the ISP, it has the name nevertheless.

Plaintiff, however, is still limited by the relevant restrictions in the court's previous order. (ECF No. 5). Specifically, Plaintiff must abide by the following orders with the following relevant modifications:

> 4. On receipt of the information . . . , Plaintiff must mark it as "Highly Confidential," and, absent further order of the Court, may only use it to determine whether, pursuant to Rule 11(b), it has sufficient information to amend the complaint to name as an individual defendant the Subscriber. Unless otherwise ordered by the court, Plaintiff, its agents, representatives, and attorneys may not disclose the Information . . . to any person not directly involved as an attorney in representing Plaintiff in this copyright infringement action relating to the Information received, except as provided below. Any person to whom the information or its contents are disclosed shall be required to sign an agreement to be bound by the provisions of this Order, enforceable by an action for contempt, prior to being informed of the Information or its contents. Any amended complaint filed by Plaintiff naming an individual defendant is, of course, subject to Rule 11 representations and sanctions. If Plaintiff determines that the information received pursuant to the subpoena is insufficient to support the filing of an amended complaint, it may:

4

      a. Serve a subpoena pursuant to Rule 45(a)(1)(B) commanding the Subscriber to appear and attend a deposition to answer questions regarding whether the Subscriber was responsible for downloading the copyrighted work alleged in the original complaint.

      b. Pursuant to Rule 26(b)(2)(C), the deposition permitted pursuant to paragraph 4.a of this Order shall not last more than one hour in duration. Pursuant to Rule 37(a)(4), the Subscriber shall answer questions fully and unevasively, but may refuse to answer questions that would require the disclosure of privileged (including the 5th Amendment privilege against self-incrimination) or work product protected information, as described in Rule 26(b)(1), (3) and (5).

      c. No further discovery will be permitted unless authorized by the Court.

5. Plaintiff is prohibited from initiating, directly or indirectly, any settlement communications with any unrepresented Doe Defendant whose identity has been revealed pursuant to the [motion to quash] or deposition described in paragraph 4 above. Any settlement communications with an unrepresented Doe Defendant shall be initiated only as approved by the court. On request of Plaintiff or the unrepresented Doe Subscriber, submitted to the Court at any time, settlement shall be conducted under supervision of one or more Magistrate Judges designated by the court for this purpose. Unless otherwise ordered by the court, any settlement negotiations shall be subject to the confidentiality provisions of Local Rule 607.4. This paragraph shall not prevent Plaintiff from initiating or responding to a request for settlement communications with a Doe Defendant that is represented by counsel.

      To the extent that the provisions herein, and particularly those in paragraphs four and five, limit the ways that Plaintiff may use any information that it receives, those limitations are the conditions upon which Plaintiff is permitted to seek and receive expedited discovery. Accordingly, those limitations remain in effect until and unless modified by an order of this court and do not expire at the conclusion of this litigation, irrespective of whether by entry of judgment, stipulation of dismissal, voluntary dismissal by Plaintiff, or other resolution.

(ECF No. 5, at 5-6).

## III. Conclusion

For the foregoing reasons, Defendant's motion to quash will be denied as moot.  A separate order will follow.

<pre>
                                  /s/
                        DEBORAH K. CHASANOW
                        United States District Judge
</pre>